JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------X   21 CV 7030
KAREL BUSSEY,

                Plaintiff,                          **COMPLAINT**

        - against -                     **PLAINTIFF**
                                                          **DEMANDS A**
                                                           **TRIAL BY JURY**

CITY OF NEW YORK, SERGEANT GIACOMO POLLARI,
POLICE OFFICER JERRY ANTOINE, POLICE OFFICER
DAVAUGHN CLINTON, POLICE OFFICER STANLEY TSE,
POLICE OFFICER ERIC LAU, POLICE OFFICER JASON XIA,

                Defendants.
--------------------------------------------------------------------------------X

## PARTIES, JURISDICTION and VENUE

1. Plaintiff, KAREL BUSSEY, is a 30 year old male, who, at all times relevant to this action, was a resident of Kings County, New York.

2. Defendant, CITY OF NEW YORK ("CITY"), is a municipality within the State of New York, which includes Kings County.  NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3. Upon information and belief, SERGEANT GIACOMO POLLARI, was at all relevant times an officer with the NYPD assigned to the 76TH Precinct.  All actions by POLLARI complained of herein were taken in the course of his employment and under color of law.  POLLARI is being sued in both his individual and official capacities.

1

4. Upon information and belief, POLICE OFFICER JERRY ANTOINE, was at all relevant times an officer with the NYPD assigned to the 76TH Precinct. All actions by ANTOINE complained of herein were taken in the course of his employment and under color of law. ANTOINE is being sued in both his individual and official capacities.

5. Upon information and belief, POLICE OFFICER DAVAUGHN CLINTON, was at all relevant times an officer with the NYPD assigned to the 76TH Precinct. All actions by CLINTON complained of herein were taken in the course of his employment and under color of law. CLINTON is being sued in both his individual and official capacities.

6. Upon information and belief, POLICE OFFICER STANLEY TSE, was at all relevant times an officer with the NYPD assigned to the 76TH Precinct. All actions by TSE complained of herein were taken in the course of his employment and under color of law. TSE is being sued in both his individual and official capacities.

7. Upon information and belief, POLICE OFFICER ERIC LAU, was at all relevant times an officer with the NYPD assigned to the 76TH Precinct. All actions by LAU complained of herein were taken in the course of his employment and under color of law. LAU is being sued in both his individual and official capacities.

8. Upon information and belief, POLICE OFFICER JASON XIA, was at all relevant times an officer with the NYPD assigned to the 76TH Precinct. All actions by XIA complained of herein were taken in the course of his employment and under color of law. XIA is being sued in both his individual and official capacities.

9. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

10. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

11. A Notice of Claim was served upon NYC on September 20, 2021, within ninety days of August 24, 2021, the statutory date of accrual.

12. More than thirty days have passed the Notice of Claim was served and there has been no resolution of the claim.

13. The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

14. On or about August 24, 2021, at about 7:30 am, Plaintiff was walking through Red Hook Park, at Clinton Street and Bay Street, in Brooklyn, NY, towards a local bodega to get his breakfast.

15. Plaintiff was approached by Defendants Antoine and Clinton who inquired if he had caused property damage to a nearby bus.

16. Plaintiff responded that he had not and was simply on his way to get breakfast.

17. Plaintiff did not appear to be mentally ill or exhibit any conduct which would result in serious harm to himself or others.

18. Without factual or legal basis, Defendants Antoine and Clinton indicated to Plaintiff that they wanted him to go to a hospital for evaluation as an Emotionally Disturbed Person [EDP].

19. Plaintiff informed those defendants that he refused to do so.

20. Defendants Antoine and Clinton then called for police backup and an ambulance, with the apparent goal of forcing Plaintiff to comply with their unlawful

3

order.

21. In response to the call for backup, Defendants Pollari, Tse, Lau and Xia, came to the scene, as did an ambulance.

22. When Plaintiff continued to refuse to comply with the unlawful order to submit to a hospital evaluation, Defendants Antoine, Clinton, Tse, Lau and Xia, under the direct supervision and instruction of Defendant Pollari, grabbed Plaintiff and attempted to place him in handcuffs.

23. Suddenly, and without issuing any warning, Defendant Antoine deployed his Conductive Energy Weapon [CEW] and shot two darts into Plaintiff's back.

24. Plaintiff went to the ground and was placed in handcuffs by the defendant officers including Defendant Pollari.

25. Plaintiff was transported by ambulance to NYU-Langone Hospital in Brooklyn, where the two darts were removed and the wounds to his back were treated.

26. Plaintiff was medicated intravenously against his will.

27. Plaintiff was determined to be neither mentally ill nor to present a danger of serious harm to himself or others.

28. The two darts left permanent scars on Plaintiff's back.

29. From the date of the CEW attack and continuing to the present time, Plaintiff has suffered from insomnia.

30. Plaintiff continues to suffer pain and emotional distress as a result of the illegal assault by the police defendants and the CEW attack.

## FIRST CLAIM
(EXCESSIVE FORCE - §1983)

31. Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 30 of the Complaint as if incorporated and reiterated herein.

32. By shooting Plaintiff with a CEW under color of law and without legal cause or justification, Defendant Antoine violated Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution.  Specifically, the right to be free from the use of excessive force under color of law.

33. By reason thereof, Defendant Antoine violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## SECOND CLAIM
(ASSAULT - §1983)

34. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 33 of the Complaint as if incorporated and reiterated herein.

35. While acting under color of law, Defendant Antoine committed an intentional and violent assault against Plaintiff, without legal cause or justification, in violation of the Eighth and Fourteenth Amendments of the United States Constitution. Specifically, the right to be free from unlawful assault by an officer of the law.

36. By reason thereof, Defendant Antoine violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic

damages and the loss of his constitutional rights.

### THIRD CLAIM
(FAILURE TO INTERCEDE- §1983)

37. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 36 of the Complaint as if incorporated and reiterated herein.

38. Defendant Antoine had drawn and pointed his CEW at Plaintiff in full view of Defendants Pollari, Clinton, Tse, Lau and Xia.

39. Defendants Pollari, Clinton, Tse, Lau and Xia were aware that the use of the CEW at that juncture was unlawful and had an opportunity to intercede or prevent its use by Defendant Antoine.

40. The conduct of the Defendants Pollari, Clinton, Tse, Lau and Xia, in failing to intercede or take any steps to protect Plaintiff from the unjustified and unconstitutional treatment he suffered at the hands of Defendant Antoine were done intentionally, maliciously, with deliberate indifference, and were designed to and did cause pain and suffering in violation of Plaintiff's constitutional rights, specifically under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

41. By reason thereof, Pollari, Clinton, Tse, Lau and Xia violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### FOURTH CLAIM
(FALSE ARREST - §1983)

42. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 41 of the Complaint as if incorporated and reiterated

herein.

43. Plaintiff was placed in handcuffs and forcibly removed from the scene without lawful basis. In so doing, the named individual Defendants violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law. Specifically, the right to be free from unlawful arrest under color of law.

44. By reason thereof, Defendants Pollari, Antoine, Clinton, Tse, Lau and Xia violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## FIFTH CLAIM
(EXCESSIVE FORCE - STATE CLAIM)

45. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 44 of the Complaint as if incorporated and reiterated herein.

46. By shooting Plaintiff with a CEW without legal cause or justification, Defendant Antoine used excessive force under color of law against Plaintiff.

47. By reason thereof, Defendant Antoine caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

48. Because Defendant Antoine acted within the scope of his duties as a member of the NYPD, Defendant City is also liable under this claim based on a theory of *respondeat superior*.

## SIXTH CLAIM
(ASSAULT - STATE CLAIM)

49. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 48 of the Complaint as if incorporated and reiterated herein.

50. By shooting Plaintiff with a CEW without legal cause or justification Defendant Antoine, while acting under color of law, committed an intentional and violent assault against Plaintiff.

51. By reason thereof, Defendant Antoine caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

52. Because Defendant Antoine acted within the scope of his duties as a member of the NYPD, Defendant City is also liable under this claim based on a theory of *respondeat superior*.

## SEVENTH CLAIM
(MONELL LIABILITY - §1983)

53. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 52 of the Complaint as if incorporated and reiterated herein.

54. It is a policy or practice of the NYPD and the City of New York to allow and tolerate its police officers to designate persons as being emotionally disturbed and take them into custody for involuntary hospitalization without lawful basis.

55. The NYPD and the City of New York allow such involuntary hospitalizations

as a means of exercising control over persons who do not follow unlawful commands or exhibit odd, though legal behavior.

56. Cases brought against the City of New York demonstrate the continuing and long term existence of such a policy or practice and include: <u>Abreu v. City of New York,</u> 17 CV 2104 (S.D.N.Y); <u>Brock v. City of New York</u>, 15 CV 1832 (S.D.N.Y.); <u>Schoolcraft v. City of New York</u>, 106 F.Supp3d 465 (S.D.N.Y. 2015); <u>Moody v. City of New York</u>, 10 CV 9161 (S.D.N.Y.); <u>Tsesarskaya v. City of New York</u>, 843 F.Supp.2d 446 (S.D.N.Y. 2012).

57. Plaintiff reasonably believes that many additional cases of this nature exist which will be revealed through discovery.

58. By reason thereof, the Defendant City of New York violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### EIGHTH CLAIM
(MONELL LIABILITY - §1983)

59. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 58 of the Complaint as if incorporated and reiterated herein.

60. The NYPD and the City of New York have failed to provide adequate training to their police officers as to the provisions and requirements of involuntary hospitalization under Mental Hygiene Law §9.41.

61. As a result, members of the NYPD abuse their statutory authority by unlawfully arresting and transporting person to hospitals ostensibly for involuntary

mental evaluation without these persons having demonstrated any of the required statutory elements.

62. By reason thereof, the Defendant City of New York violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v) On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi) On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii) On the seventh claim, actual and punitive damages in an amount to be determined at trial;

viii) On the eighth claim, actual and punitive damages in an amount to be determined at trial;

ix) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988,

and costs of this action; and

x)   Such other relief as the Court deems just and proper.

Dated:   New York, New York
         December 20, 2021

                                            Goldberg & Allen, LLP
                                            Attorneys for Plaintiff

By:   _____
      Jay K. Goldberg [JG-1294]
      49 West 37th Street, 7th Floor
      New York, New York 10018
      (212) 766-3366